AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | |
|---|---|
| United States of America )<br>v. )<br> )<br>Antuan Ward )<br>*Defendant* ) | Case No.  4:18 CR 827 AGF (SPM) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

　　☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

　　☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

　　☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

　　☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

　　☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

　　☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

　　**OR**

　　☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

　　☒ Weight of evidence against the defendant is strong
　　☐ Subject to lengthy period of incarceration if convicted
　　☒ Prior criminal history
　　☐ Participation in criminal activity while on probation, parole, or supervision
　　☐ History of violence or use of weapons
　　☐ History of alcohol or substance abuse
　　☒ Lack of stable employment
　　☐ Lack of stable residence
　　☐ Lack of financially responsible sureties
　　☐ Lack of significant community or family ties to this district
　　☐ Significant family or other ties outside the United States

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☒ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

**OTHER REASONS OR FURTHER EXPLANATION:**

   At the detention hearing, the parties were given access to a Pretrial Services Report dated April 18, 2019. Defendant pointed out several discrepancies.  Defendant took issue with the indication that he denied any assets or liabilities because he has a wife and children who mean a lot to him but he acknowledged that he does not owe anyone, including his wife and children, money to his knowledge.  Defendant contends that he was not charged with three counts of domestic assault in 2007, and even if he was, he was only convicted of one count of domestic assault as a result.  Defendant acknowledged that he had several failures to appear, but represented that he failed to appear only because he was detained in another case at the time and could not physically appear.  Regarding his conviction(s) in Massachusetts, Defendant denies that he was convicted on Count 2.

   The undersigned adopts and incorporates by reference herein the facts set out in the Pretrial Services Report but will credit Defendant's proffer that he was only charged and convicted with one domestic assault count in 2007.  The undersigned has considered all of Defendant's discrepancies, arguments, and proffers in weighing the evidence and making a decision in this matter.

   At the detention hearing, the parties proffered additional information which the undersigned has considered. Pretrial Services recommends detention.

** **CONTINUED ON ATTACHED SHEET(s)** **

Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:        4/22/2019                                           /s/ John M. Bodenhausen
                                                                                   UNITED STATES MAGISTRATE JUDGE

**OTHER REASONS OR FURTHER EXPLANATION:** (continued)

At his initial appearance in this matter, Defendant advised the Court that he did not wish to proceed with the assistance of counsel.[1] The undersigned appointed the Federal Public Defender to appear as stand-by counsel and advised Defendant that, before holding a detention hearing, the Court would conduct an inquiry to determine whether Defendant understood the consequences of proceeding without the assistance of counsel.

At the outset of the detention hearing, the undersigned conducted a lengthy and detailed inquiry with Defendant. Stand-by counsel AFPD Lucy Liggett was present as was AUSA Kyle Bateman. Defendant was allowed to ask questions of the Court. At the conclusion of that inquiry, the undersigned found that Defendant had knowingly, voluntarily, and intelligently elected to proceed without the assistance of counsel.[2]

At the detention hearing, the parties proceeded by proffer. In addition to the discrepancies noted with regard to the Pretrial Services Report, Defendant represented that he was placed on unsupervised probation in the Massachusetts case (page 5 of the Pretrial Services Report). Defendant promised that, if released, he would clear all of his warrants. Defendant acknowledged that he has several arrests without conviction, including arrests for violent offenses, but asked the Court to note that the police overstate things and that those arrests do not reflect his character.

Defendant denied ever using an alias and claims that he only ever used the names Antuan Ward and Ari'al Ban Yashar'al, and that the latter is his name and that his identification card in that name is constitutionally acceptable. Defendant emphasized that he has no substance abuse issues and that he has strong ties to this area (his mother and sister were in Court for support at the hearing). Defendant promised to appear if released and said that he would contact the Court daily to ensure he stayed abreast of his case status. Defendant agreed to participate in location monitoring and home detention if necessary and he would find work. Defendant proffered that his domestic assault conviction is old and involved only an argument, no physical violence.

---

[1] Defendant uses language and terminology sometimes referred to a "sovereign citizen" terminology. For example, he refused to acknowledge that he was Antuan Ward and contends that, because that name appears in all capital letters in the Indictment, the government charged a corporate entity, not Antuan Ward the individual. Defendant made reference to the Uniform Commercial Code and argued that there was no jurisdiction over the matter. Defendant refused to accept the notion of proceeding "*pro se*" but did acknowledge that he did not want the assistance of appointed counsel.

[2] Defendant refused to accept the Court's finding that he had waived his right to the assistance of counsel because Defendant contends that he has waived nothing. It was clear to the undersigned that Defendant's issue was with the term "waiver." The undersigned found that Defendant had, in fact, waived his right to the assistance of counsel at his detention hearing, but explained that he could revisit the issue with the Court at his arraignment before U.S. Magistrate Judge Mensah. Further, Defendant did acknowledge that he was knowingly forgoing his right to the assistance of counsel.

Defendant acknowledged that he left Massachusetts, but argues that he did so because it was winter, he was cold, and he wanted to come home—he contends he did not hide.

The government relied on the facts and circumstances in the Pretrial Services Report. The government noted that the Massachusetts case involved an unlawful firearm and Defendant was placed on bond with location monitoring, but he cut off his monitoring bracelet and absconded and was a fugitive for about 16 months. When Defendant was arrested in St. Louis in April 2018, he had a 9mm pistol and presented an identification indicating he was a diplomat.[3]

Based on the record before the Court, the undersigned concludes that the government has met its burden of showing that there is no condition, or combination of conditions, that would reasonably ensure Defendant's appearance if released.

Defendant's proffers and arguments were well-reasoned but the simple fact remains that he was released on a felony case not that long ago and he elected to cut off his GPS monitor and absconded and obtained access to a firearm.[4] And when he had contact with the police, he presented a diplomat identification that, if accepted, would have allowed him to avoid capture. Defendant also had fictitious tags on the vehicle he was driving. Defendant has also made it clear that he does not accept the authority of the Court to preside over this matter. Thus, in view of the entire record, the Court cannot readily accept his promise that he will appear as directed.

The government's motion for pretrial detention is granted.

---

[3] These are the circumstances that gave rise to the two counts in the instant Indictment.

[4] The undersigned does not believe that Defendant had any felony convictions at the time of his arrest as a fugitive, but as a fugitive, he was not eligible to possess a firearm. Defendant does not dispute that he cut off his GPS in the Massachusetts case. The record, which includes a jail phone call and other statements, suggests that Defendant did, in fact, knowingly possess the firearm in question. The undersigned finds, for the limited purpose of deciding the issue of release or detention, that the government's evidence is strong.